UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GIANFRANCO MARTIN TORRES NAVARRO,

Petitioner,

v.

"EL PAIS" NEWSPAPER,

Respondent.

26-CV-1450-LJV
DECISION & ORDER

The pro se petitioner, Gianfranco Martin Torres Navarro, is a civil immigration detainee currently confined at the Buffalo Federal Detention Center. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Docket Item 1, and he paid the required filing fee.[1]

As explained below, because Torres Navarro is not challenging the legality of his custody or the execution of his sentence, he is not entitled to relief under section 2241. And for that reason, his petition is dismissed without prejudice.[2]

---

[1] Around the same time that he filed this petition, Torres Navarro filed two other petitions under 28 U.S.C. § 2241. *See Torres Navarro v. "Los Angeles Times" Newspaper*, Case No. 26-cv-1446, Docket Item 1 (W.D.N.Y. July 17, 2026); *Torres Navarro v. "Univision" Channel*, Case No. 26-cv-1479, Docket Item 1 (W.D.N.Y. July 21, 2026).

[2] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. . . ."); *Dory v. Comm'r of Corr. of State of N.Y.*, 865 F.2d 44, 45 (2d Cir. 1988) (per curiam) ("[A] petition for a writ of habeas corpus may be summarily dismissed [under Rule 4] if it fails to state a claim upon which relief may be granted."); *see also* Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts (providing that "[t]hese rules govern a petition for a writ of habeas corpus filed . . . under 28 U.S.C. § 2254" but "[t]he district court may apply any or all of these rules to a habeas corpus petition [brought under another section]").

# DISCUSSION

## I. HABEAS PETITION OR CIVIL ACTION

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see* 28 U.S.C. § 2241(c)(3) (authorizing a federal court to grant a habeas petition, inter alia, where a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States"). A habeas corpus petition brought under section 2241 "generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention[,] and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citation and emphasis omitted); *see also Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008).

Despite Torres Navarro's submission being captioned a "PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241," Docket Item 1 at 4,[3] it does not challenge his custody. Instead, his petition raises state law claims against "El Pais" Newspaper for "personal integrity, defamation, damages[,] and losses" based on publication of "unsubstantiated news in their newspaper." Docket Item 1 at 4-5. Moreover, Torres Navarro does not seek his release but rather requests $500,000 in damages and retraction of the items published. *Id.* at 13.

Accordingly, the relief Torres Navarro seeks in the petition is not cognizable under section 2241 and the petition is subject to dismissal for that reason. *See Urena v.*

[3] Page numbers in docket citations refer to ECF pagination.

*Annucci*, 2019 WL 10947148, at *6 (S.D.N.Y. Sept. 25, 2019) (dismissing habeas petition that failed to present cognizable grounds for habeas review), *report and recommendation adopted*, 2020 WL 6275020 (S.D.N.Y. Oct. 23, 2020).

## II. CONVERSION OF PETITION OR LEAVE TO FILE A NEW CIVIL ACTION

Typically, before dismissing the petition, the Court would permit Torres Navarro the opportunity to convert the section 2241 petition to a civil complaint. *See Burns v. Orange Cnty. Supreme Ct.*, 2019 WL 1900344, at *1 (S.D.N.Y. Apr. 29, 2019) (construing a "petition for a writ of habeas corpus under § 2241 . . . as arising under 42 U.S.C. § 1983"); *see also Booker v. Chappius*, 2016 WL 8668511, at *2 (W.D.N.Y. Nov. 18, 2016) ("In some cases, when a petitioner raises claims that might be cognizable under a different statute than cited in the petition, a court will address whether recharacterizing or converting the petition into a complaint under that statute is appropriate."); *Urena*, 2019 WL 10947148, at *6 (explaining that "some courts in this Circuit have converted writs of habeas corpus . . . into [section] 1983 actions" where there is not a separate section 1983 action pending (citing cases)). But that would not be appropriate here because even if the petition were converted to a civil action, the Court would lack subject matter jurisdiction.

First, there are no grounds for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332 over Torres Navarro's claims—all of which arise under state law. As relevant here, diversity jurisdiction is present in civil actions where the dispute is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "[T]he Second Circuit has held that diversity is absent where there are

foreign parties on both sides of the case." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd*., 297 F.R.D. 69, 73 (S.D.N.Y. 2013) (collecting cases); *see Universal Licensing Corp. v. Paola del Lungo S.p.A*., 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking within the meaning of [28 U.S.C. § 1332(a)] where the only parties are foreign entities[.]"); *Corporacion Venezolana de Fomento v. Vintero Sales Corp*., 629 F.2d 786, 790 (2d Cir. 1980) ("We have held that the presence of [noncitizens] on two sides of a case destroys diversity jurisdiction."). And that appears to be the case here.

Torres Navarro identifies himself as a citizen of Peru, Docket Item 1 at 5, and there is nothing before the Court to indicate that he is a lawful permanent resident of the United States, *see* 28 U.S.C. § 1332(a)(2) (a lawful permanent resident is considered a citizen of the American state where he or she is domiciled); *see also Quintanilla v. Mullin*, ---F.Supp.3d---, 2026 WL 1481116, at *5 (D. Md. May 27, 2026) (explaining that "courts have . . . held that a . . . detainee does not acquire a new domicile upon involuntary incarceration in another state, but retains his pre-incarceration domicile"). And "El Pais" Newspaper appears to be a citizen of Spain, despite Torres Navarro's providing a Washington, DC, address for it. *See Diario El Pais, S.L. v. The Nielsen Co., (US), Inc.*, 2008 WL 4833012, at *1 (S.D.N.Y. Nov. 6, 2008) ("El Pais is a leading Spanish newspaper and . . . [is] based in Madrid."); 28 U.S.C. § 1332(c)(1).

From the limited information before the Court, both parties appear to be foreign citizens. Thus, if converted to a civil action, diversity of citizenship would not exist, and the Court would lack subject matter jurisdiction over the action. Therefore, the petition is dismissed without prejudice to Torres Navarro's filing a civil action in a court with subject matter jurisdiction.

Nor does the Court find grounds for federal question jurisdiction under 28 U.S.C. § 1331. Section 1983 allows a plaintiff to pursue "a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege[,] or immunity secured by the Constitution or the laws of the United States." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (citation and internal quotation marks omitted). Torres Navarro's petition could liberally be construed as asserting a "stigma plus" due process violation, *see generally DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003), but there is no indication of any state action.

## CONCLUSION

For the reasons stated above, Torres Navarro's petition, Docket Item 1, is DISMISSED without prejudice. The Clerk of the Court shall close this case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and leave to appeal in forma pauperis is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal in forma pauperis should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: August 19, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE